# UNITED STATES DISTRICT COURT
### *for the*
## SOUTHERN DISTRICT OF NEW YORK

WILLIAM HENNEBERRY,

                                Plaintiffs,

-against -

SUMITOMO CORPORATION OF AMERICA;
ROBERT GRAUSTEIN; SUMITOMO CORPORATION;
And, John Does 1-50 (fictitiously named individuals),

                                Defendants.

Case No.:  04 Civ. 2128 (PKL)

**DECLARATION OF
JOHN M. DEITCH, ESQ.**

JOHN M. DEITCH, ESQ, declares as follows, under penalty of perjury:

1)      I am associated with the firm of Mendes & Mount, LLP, attorneys for the plaintiff in the above captioned matter. I respectfully submit this declaration in support of plaintiff's opposition to the motion to dismiss of Sumitomo Corporation of America and Robert Graustein filed pursuant to F.R.Civ.P. 12(b)(6).

2)      Annexed hereto as Exhibit 1 is a true and accurate copy of the matter: *EBC I, Inc, v. Goldman Sachs & Co.*, 2004 WL 1118313 (1st. Dep't 2004).

3)      Annexed hereto as Exhibit 2 is a true and accurate copy of the Certificate of Incorporation for Smartix International Corporation  [hereinafter Smartix] filed with the New York Secretary of State on December 27, 2000.

4)     Annexed hereto as Exhibit 3 is a true and accurate copy of a Certificate of Amendment of the Certificate of Incorporation for Smartix filed with the New York Secretary of State on May 22, 2002.

5)     Annexed hereto as Exhibit 4 is a true and accurate copy of the Amended Certificate of Incorporation for Smartix filed with the New York Secretary of State on June 20, 2002.

6)     Annexed hereto as Exhibit 5 is a true and accurate copy of the Amended Certificate of Incorporation for Smartix filed with the New York Secretary of State on January 31, 2003.

7)     I declare under penalty of perjury that the foregoing is true and correct.

John M. Deitch

Dated: Newark, New Jersey
       June 8, 2004

2

# EXHIBIT "1"

Westlaw.

2004 WL 1118313                                                                Page 1
2004 N.Y. Slip Op. 04091
(Cite as: 2004 WL 1118313 (N.Y.A.D. 1 Dept.))

Supreme Court, Appellate Division, First
Department, New York.

EBC I, INC., etc., Plaintiff-Appellant-Respondent,
v.
GOLDMAN SACHS & CO., Defendant-Respondent-
Appellant.

May 20, 2004.

**Background:** Internet startup company brought action against lead managing underwriter of initial public offering (IPO). The Supreme Court, New York County, Karla Moskowitz, J., granted underwriter's motion to dismiss for failure to state cause of action as to claims for breach of contract, fraud, malpractice, and unjust enrichment, but denied the motion as to claim for breach of fiduciary duty, and subsequently severed and continued first cause of action. Startup and underwriter appealed.

**Holdings:** The Supreme Court, Appellate Division, held that:
(1) startup stated cause of action for breach of fiduciary duty;
(2) startup did not sufficiently state fraud cause of action;
(3) startup stated cause of action for breach of contract;
(4) startup stated cause of action for malpractice;
(5) startup stated cause of action for unjust enrichment; and
(6) existence of valid contract did not require dismissal of unjust enrichment claim against underwriter.

Affirmed as modified; reversed and vacated in part.

**[1] Brokers** ☞23

65k23 Most Cited Cases

Internet startup company stated cause of action for breach of fiduciary duty against lead managing underwriter of initial public offering (IPO) by alleging pre-existing relationship between the two that justified alleged trust that startup placed in underwriter in setting price of shares, despite limited statement of underwriter's agency status vis-a-vis other underwriters contained in prospectus; underwriter allegedly underpriced shares to reap additional profit when it "flipped" its shares in balloon-priced aftermarket. McKinney's CPLR 3016(b).

**[2] Corporations** ☞90(5)

101k90(5) Most Cited Cases

Internet startup company did not sufficiently state fraud cause of action against lead managing underwriter of initial public offering (IPO) by alleging affirmative misrepresentation that share price was based on market conditions, and cause was accordingly correctly dismissed with leave to replead, where startup did not identify person or persons who made the alleged misrepresentation. McKinney's CPLR 3016(b).

**[3] Corporations** ☞90(5)

101k90(5) Most Cited Cases

Facts concerning participants and mechanisms of alleged kickback scheme, by which lead managing underwriter of initial public offering (IPO) for Internet startup company allegedly received consideration from underwriter's favored customers that were allocated shares in underpriced IPO, did not need to be pleaded to state claim of fraud beyond allegation of affirmative misrepresentation that share price was based on market conditions and identification of person or persons who made that misrepresentation. McKinney's CPLR 3016(b).

**[4] Corporations** ☞79

101k79 Most Cited Cases

Internet startup company stated cause of action for breach of contract against lead managing underwriter of initial public offering (IPO) that allegedly underpriced startup's shares to reap additional profits by "flipping" its shares in balloon-priced aftermarket and obtaining "kickbacks" from favored customers that were allocated shares in underpriced IPO, even though no express contractual provision prohibited underwriter from receiving compensation other than from startup; underwriter was alleged to have breached implied obligation of good faith and fair dealing by frustrating overarching purpose of obtaining for startup true value of shares in IPO.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

2004 WL 1118313                                                    Page 2
2004 N.Y. Slip Op. 04091
**(Cite as: 2004 WL 1118313 (N.Y.A.D. 1 Dept.))**

McKinney's CPLR 3016(b).

**[5] Corporations** 🔑90(7)
101k90(7) Most Cited Cases

Whether the inflated "bubble" price of the Internet startup company's shares in the immediate aftermarket of initial public offering (IPO) was an anomaly or reflected a value consonant with those of similar Internet offerings during the period that lead managing underwriter could reasonably anticipate in setting IPO share price, and whether defendant harbored the motive attributed to it in allegedly underpricing shares, presented issues of fact not determinable on motion to dismiss for failure to state cause of action for breach of contract.

**[6] Brokers** 🔑23
65k23 Most Cited Cases

Internet startup company stated cause of action for malpractice against lead managing underwriter of initial public offering (IPO) that allegedly underpriced startup's shares to reap additional profits by "flipping" its shares in balloon-priced aftermarket and obtaining "kickbacks" from favored customers that were allocated shares in underpriced IPO. McKinney's CPLR 3016(b).

**[7] Pleading** 🔑20
302k20 Most Cited Cases

Alternative theories may be advanced in pleadings.

**[8] Brokers** 🔑19
65k19 Most Cited Cases

Investment bankers are professionals, for purposes of malpractice claim.

**[9] Implied and Constructive Contracts** 🔑3
205Hk3 Most Cited Cases

Internet startup company stated cause of action for unjust enrichment against lead managing underwriter of initial public offering (IPO) that allegedly underpriced startup's shares to reap additional profits by "flipping" its shares in balloon-priced aftermarket and received "kickbacks" from favored customers that were allocated shares in underpriced IPO, even though kickbacks were not paid by startup; if underwriter received benefits to which it was not entitled that were effectively conferred by startup in form of lower price for its shares, that was sufficient.

McKinney's CPLR 3016(b).

**[10] Implied and Constructive Contracts** 🔑55
205Hk55 Most Cited Cases

The existence of a valid contract did not require dismissal of unjust enrichment claim in Internet startup company's action against lead managing underwriter of initial public offering (IPO) alleging that underwriter underpriced startup's shares to reap additional profits by "flipping" its shares in balloon-priced aftermarket and obtaining "kickbacks" from favored customers that were allocated shares in underpriced IPO, where the unjust enrichment claim was based on alleged wrongdoing not covered by the contract, and particularly where the express contract cause of action was properly dismissed. McKinney's CPLR 3016(b).

**[11] Implied and Constructive Contracts** 🔑121
205Hk121 Most Cited Cases

Whether alleged underpricing of Internet startup company's shares in initial public offering (IPO) was the proximate cause of the damages claimed was an issue of fact inappropriate for determination on motion to dismiss unjust enrichment claim for failure to state cause of action against lead managing underwriter of IPO.

Pomerantz Haudek Block Grossman & Gross, LLP, New York (Stanley M. Grossman of counsel), for appellant-respondent.

Sullivan & Cromwell LLP, New York (John L. Warden of counsel), for respondent-appellant.

TOM, J.P., SAXE, ELLERIN, LERNER, GONZALEZ, JJ.

*1 Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 2, 2003, which, in an action by an Internet startup company against the lead managing underwriter of its initial public offering, granted defendant's motion to dismiss the complaint for failure to state a cause of action to the extent of dismissing the causes of action for breach of contract (second), fraud with leave to replead (third), malpractice (fourth) and unjust enrichment (fifth), and denied the motion with respect to the cause of action for breach of fiduciary duty (first), unanimously modified, on the law, to deny the motion with respect to the second, fourth and fifth

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

2004 WL 1118313
2004 N.Y. Slip Op. 04091
**(Cite as: 2004 WL 1118313 (N.Y.A.D. 1 Dept.))**

Page 3

causes of action, and otherwise affirmed, without costs. Order (denominated judgment), same court and Justice, entered May 13, 2003, dismissing the second, third, fourth and fifth causes of action and severing and continuing the first cause of action, unanimously reversed, on the law, without costs, and vacated in view of the foregoing.

The complaint alleges that defendant underpriced plaintiff's shares in order to reap an additional profit, beyond the amount realized on the spread between the price of its own subscription and the higher public offering price, when it "flipped" its shares in the balloon-priced aftermarket, and that such underpricing was also the consideration given for "kickbacks" from defendant's favored customers, to whom defendant had allocated shares in the IPO that were also flipped in the aftermarket, disguised as commissions on unrelated transactions.

[1] The cause of action for breach of fiduciary duty was correctly sustained upon allegations showing a pre-existing relationship between plaintiff and defendant that justified the alleged trust the former placed in the latter in setting the price of its shares (see _Societe Nationale D'Exploitation Industrielle Des Tabacs Et Allumettes v. Salomon Bros. Intl.,_ 251 A.D.2d 137, 138, 674 N.Y.S.2d 648, lv. denied 95 N.Y.2d 762, 715 N.Y.S.2d 215, 738 N.E.2d 363; see also e.g. _Bestolife Corp. v. American Amicable Life,_ 5 A.D.3d 211, 774 N.Y.S.2d 18; _Frigitemp Corp. v. Financial Dynamics Fund,_ 524 F.2d 275, 279; _ICN Pharms. v. Khan,_ 2 F.3d 484, 491; cf. _Securities & Exch. Commn. v. Rauscher Pierce Refsnes,_ 17 F.Supp.2d 985, 994- 995). We reject defendant's contentions that _Apple Records v. Capitol Records,_ 137 A.D.2d 50, 57, 529 N.Y.S.2d 279 articulated a bright-line test regarding the requisite length of the pre-existing relationship, and that the alleged fiduciary relationship is necessarily negated by the limited statement of defendant's agency status vis-à-vis other underwriters contained in the prospectus (cf. _Frydman & Co. v. Credit Suisse First Boston Corp.,_ 272 A.D.2d 236, 237, 708 N.Y.S.2d 77). The cause of action is sufficiently pleaded for purposes of CPLR 3016(b).

[2][3] The fraud cause of action alleges an affirmative misrepresentation that the share price was based on market conditions. At the least, plaintiff should have identified the person(s) who made this misrepresentation, and, to that end, the motion court correctly dismissed the fraud claim with leave to replead (CPLR 3016[b] ). However, further facts concerning the participants and mechanisms of the

alleged kickback scheme need not be pleaded (see _Oxford Health Plans v. Bettercare Health Care Pain Mgt. & Rehab,_ 305 A.D.2d 223, 224, 762 N.Y.S.2d 344).

*2 [4 ][5][6][7][8] The remaining causes of action should not have been dismissed. While the motion court correctly determined that no express contractual provision prohibited defendant from receiving compensation from other than plaintiff, it failed to properly consider the broader thrust of plaintiff's allegations that defendant breached its implied obligation of good faith and fair dealing by frustrating the overarching purpose of the offering to obtain for plaintiff the true value of its shares. Whether the inflated "bubble" price of the shares in the immediate aftermarket was an anomaly or reflected a value consonant with those of similar Internet offerings during the period that plaintiff could reasonably anticipate, and whether defendant harbored the motive attributed to it, present issues of fact not determinable at this juncture (see _Richbell Information Servs. v. Jupiter Partners,_ 309 A.D.2d 288, 302-303, 765 N.Y.S.2d 575). Concerning the malpractice cause of action, we find that investment bankers are professionals (cf. _Chase Scientific Research v. NIA Group,_ 96 N.Y.2d 20, 29, 725 N.Y.S.2d 592, 749 N.E.2d 161), and that defendant's attorney did not concede on oral argument before the motion court that the malpractice claim and fiduciary breach claims are duplicative; in any event, alternative theories may be advanced in pleadings (see _Wilmoth v. Sandor,_ 259 A.D.2d 252, 254, 686 N.Y.S.2d 388).

[9][10][11] Concerning the unjust enrichment cause of action, the motion court incorrectly reasoned that since the alleged kickbacks were paid by defendant's other customers, and not by plaintiff, the allegedly improper benefit was not recoverable. The reach of equity is not so short (see _Long Is. Sav. Bank v. Geloda/Briarwood Corp.,_ 190 A.D.2d 64, 66-67, 596 N.Y.S.2d 808). It suffices that defendant received benefits to which it was not entitled that were effectively conferred by plaintiff in the form of a lower price for its shares. Nor does the existence of a valid contract require dismissal of the unjust enrichment claim, since the latter is based on alleged wrongdoing not covered by the contract; moreover, as previously indicated, the express contract cause of action was properly dismissed. Finally, whether the alleged underpricing of the shares was the proximate cause of the damages claimed is an issue of fact inappropriate for determination at this juncture (cf. _Laub v. Faessel,_ 297 A.D.2d 28, 31, 745 N.Y.S.2d

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

2004 WL 1118313                                                    Page 4
2004 N.Y. Slip Op. 04091
**(Cite as: 2004 WL 1118313 (N.Y.A.D. 1 Dept.))**

534).

We have considered the parties' other contentions for affirmative relief and find them unavailing.

2004 WL 1118313 (N.Y.A.D. 1 Dept.), 2004 N.Y. Slip Op. 04091

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

# EXHIBIT "2"

*State of New York*     } ss:
*Department of State* }

*I hereby certify that the annexed copy has been compared with the original document filed by the Department of State and that the same is a true copy of said original.*

*Witness my hand and seal of the Department of State on*     **June 07, 2004**



*Secretary of State*

DOS-200 (Rev. 03/02)

001227000415
CSC 45

## CERTIFICATE OF INCORPORATION

### OF

### SMARTIX INTERNATIONAL CORPORATION

### UNDER SECTION 402 OF THE BUSINESS CORPORATION LAW

The undersigned, a natural person of the age of eighteen years or over, desiring to form a corporation pursuant to the provisions of Section 402 of the Business Corporation Law of the State of New York, hereby certifies as follows:

FIRST: The name of the corporation is:

SMARTIX INTERNATIONAL CORPORATION

SECOND: The purpose of the corporation is to engage in any lawful act or activity for which corporations may be organized under the Business Corporation Law of the State of New York, exclusive of any act or activity requiring the consent or approval of any state official, department, board, agency or other body, without such consent or approval first being obtained.

THIRD: The office of the corporation in the State of New York is to be located in the County of New York.

FOURTH: The aggregate number of shares which the corporation shall have the authority to issue is:

One Thousand (1,000) shares without par value, which will consist of 100 with no par

500 Preferred Voting
400 Preferred

FIFTH: The Secretary of State is designated as the agent of the corporation upon whom process against the corporation may be served, and the address to which the Secretary of State shall mail a copy of any process against the corporation served upon him is:

c/o Smartix International Corporation
245 5th Avenue
New York, NY 10016

SIXTH: No director of the corporation shall be personally liable to the corporation or its stockholders for damages for any breach of duty in such capacity except where a judgment or other final adjudication adverse to said director establishes: that the director's acts or omissions were in bad faith or involved intentional misconduct or a knowing violation of law or that said director personally gained a financial profit or other advantage to which he was not entitled, or the director's acts violated Section 719 of the New York Business Corporation Law.

Date: December 22, 2000

David Bass
Incorporator
Corporation Service Company
80 State Street
Albany, NY 12207

2

001227000 4/5

CSC 45

CERTIFICATE OF INCORPORATION

OF

SMARTIX INTERNATIONAL CORPORATION

Section 402 of the Business Corporation Law

ANTHONY L. PINAIRE, JR., ESQ.
405 WESTFIELD AVENUE
ELIZABETH, N.J.
Re: MS40133LAJ

DRAWDOWN

ICC

STATE OF NEW YORK
DEPARTMENT OF STATE

DEC 27 2000

FILED
TAX$  100
BY  mi

3

001227000 438